# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STANLEY FITZPATRICK,

      : 

    Petitioner,                                        Case No. 1:06-cv-356

      :                   District Judge Susan J. Dlott
    -vs-                                            Chief Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,

      : 

    Respondent.

## DECISION AND ORDER

This case is before the Court on Petitioner's Motion (Doc. No. 35) to Strike Respondent's Sur-reply (Doc. No. 34) which Respondent opposes (Doc. No. 37). In the alternative, Petitioner asks the Court to treat his Motion as a sur-sur-reply.

With respect to pleadings, the Rules Governing § 2254 Cases (the "Habeas Rules") provide detailed instructions as to the petition and answer. Under Rule 2(c), the petition must

        (1)     specify all the grounds for relief available to the petitioner;
        (2)     state the facts supporting each ground;
        (3)     state the relief requested;
        (4)     be printed, typewritten, or legibly handwritten;
        (5)     be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. §2242.

Under Rule 2(d) "The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. . . .

Rule 5 requires that the answer "must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a

procedural bar, non-retroactivity, or a statute of limitations." Habeas Rule 5(b). It must also "indicate what transcripts (of pre-trial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed." *Id*.

In contrast to these fairly detailed prescriptions, Habeas Rule 5(d) provides only that "[t]he petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."

The Amended Petition in this case (Doc. No. 22) pleads nine grounds for relief[1] in 87 pages, but without citing any case law. Respondent's Return of Writ[2] (Doc. No. 26) is 75 pages long and does rely on case citations. Petitioner's Traverse[3] (Doc. No. 30) is 174 pages long. It is organized more in the form of a brief than of a pleading, beginning with lengthy statement of facts, a procedural history, a summary of generally applicable law, a summary of Petitioner's argument, and then an extended argument on each Ground for Relief with citations of assertedly applicable law.

Faced with this lengthy Traverse, Respondent sought leave of court to file a sur-reply (Motion, Doc. No. 31) without specifying what the content of such a document would be. The

---

[1] Petitioner withdrew a previously pled tenth ground for relief asserting the unconstitutionality of execution by lethal injunction in light of the Supreme Court's decision in *Hill v. McDonough,* 547 U.S. ___, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006) (Amended Petition, Doc. No. 22, at 84.)

[2] Respondent labeled this document "Return of Writ," using the pleading label common in prior practice. When scheduling this event in the Scheduling Order, the Court referred to "Answer and Return of Writ." (See Doc. No. 12).

[3] Petitioner also used the pleading label the Court had used for this document in the Scheduling Order, rather than the more general term "reply," as now prescribed by Habeas Rule 5.

Habeas Rules do not provide for a sur-reply and in fact do not label any papers as "pleadings."[4] In allowing the sur-reply, the Court limited Respondent to "new issues raised by Petitioner in the Traverse." (Notation Order granting Doc. No. 31).

In the Sur-Reply, Respondent cites *United States v. Stolz*, 325 F. Supp. 2d 982 (D. Minn. 2004), for the proposition that the purpose of a traverse is to "challenge factual assertions in the government's 'return' or answer to the petition." The *Stolz* court, however, was discussing Habeas Rule 5 as it existed prior to the December 1, 2004, amendments.[5] The Advisory Committee Notes to the 2004 amendments do not discuss the purpose of a "reply," although they indicate it is a more general term than "traverse."

The Court conceives of pleadings in habeas corpus cases as a method of framing the issues to be litigated as close to the outset of the case as possible and in one set of documents. Thus the petition is required to set forth all of a petitioner's asserted grounds for relief, but also the information available to the petitioner as to prior procedural history, which allows the court to consider potential statute of limitations, exhaustion, and procedural default questions during its initial review under Habeas Rule 4 before deciding whether to order an answer. Similarly, the answer provides the respondent with an opportunity to controvert factual allegations made by the petitioner, but also to raise affirmative defenses, which may be waived if not pleaded. *Compare Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002), with *Day v. McDonough*, ___ U.S. ___, 126 S. Ct.

---

[4]Compare Fed. R. Civ. P. 7 which prescribes what pleadings are permitted in a federal civil case and authorizes a judge to "order a reply to an answer or a third-party answer."

[5]Unaccountably, the *Stolz* court refers to the Advisory Committee comments on Rule 5 as the comments of Congress. The Advisory Committee is of course a committee of the Judicial Conference of the United States, wholly within the third branch.

1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of limitations defense even after answer which did not raise it).

Because a respondent may be expected to raise new matters such as affirmative defenses in the answer, the petitioner may have new matter to plead in response, e.g., equitable tolling as a response to a statute of limitations defense or cause and prejudice or actual innocence as a response to a procedural bar claim. If such new matter is pleaded in a reply, the purpose of pleadings – framing the issues to be litigated – is best served by then permitting the government to respond to that new matter. That was this Court's purpose in allowing the Sur-Reply here and its intention in general in doing so in habeas cases when it does so, always on a case-by-case basis.

In examining Respondent's Sur-Reply in this case, the Court finds that it appropriately responds to new matter pleaded by Petitioner in the Traverse. (E.g., as to procedural default, see Sur-Reply, Doc. No. 34, at 2.) Where Petitioner has merely repeated in the Traverse the allegations made in the Petition, Respondent has appropriately noted that fact and that she has nothing new to add. (E.g., as to Grounds for Relief One and Two, see Sur-Reply, Doc. No. 34, at 5.)

In his Motion to Strike, Petitioner objects to the Sure-Reply's response to "new issues":

> This argument shows the illogical nature of her Sur-reply. As stated above, Mr. Fitzpatrick need not argue procedural default under the AEDPA in his Petition. He only need to clearly identify his claims and give the supporting facts to those claims. Mr. Fitzpatrick's time to refute Respondent's defense of procedural default is in his Traverse—not his Habeas Petition.

(Doc. No. 35 at 5.) The Court disagrees. "New matter" raised in a pleading would be either new facts pleaded or new claims or defenses asserted. Mr. Fitzpatrick indeed did not raise any new grounds for relief in his Traverse. However, to the extent that he in the Traverse – quite properly – responded to new facts alleged or new defenses pled in the Return of Writ by pleading new matter

himself, it was proper for the Attorney General to respond to that new matter in the Sur-Reply.

Accordingly, the Motion to Strike (Doc. No. 35) is denied.

December 9, 2006.

s/ Michael R. Merz<br>Chief United States Magistrate Judge