# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STANLEY FITZPATRICK,

:

    Petitioner,

Case No. 1:06-cv-356

:

   -vs-

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 87) to the Magistrate Judge's Report and Recommendations recommending that the habeas corpus petition in this capital case be denied (Doc. No. 85). Respondent has filed a Memorandum in Opposition (Doc. No. 88) and Petitioner a Reply (Doc. No. 89). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### Ground One: Competency to Plead Guilty

After a trial jury had been seated, Petitioner waived his right to jury trial and pled guilty to all counts and specifications. Further proceedings were conducted before a three-judge panel. In his First Ground for Relief, Petitioner asserts he was mentally incompetent to plead guilty and it was

1

therefore trial court error to accept the plea. The Magistrate Judge recommended dismissal of this Ground both as procedurally defaulted and on the merits (Report and Recommendations, Doc. No. 85, 25-42) and Petitioner objects to both conclusions.

As to procedural default, Petitioner asserts "he raised this claim on direct appeal." (Objections, Doc. No. 87, at 13., citing *State v. Fitzpatrick*, 102 Ohio St. 3d 321, 810 N.E. 2d 927, 936-38 (2004). To the contrary, there is absolutely no mention of mental competency to plead in this portion of the Ohio Supreme Court's opinion. Fitzpatrick's second proposition of law on appeal was that his guilty plea was not knowing, intelligent, and voluntary, but none of the arguments made in support of this proposition asserted that it was because he was mentally incompetent.

Secondly, Fitzpatrick asserts that the Ohio criminal *res judicata* rule, which was the basis of the Magistrate Judge's procedural default analysis, is not an adequate state procedural rule because it is not "evenhandedly invoked" in challenges to guilty pleas, citing *State v. Kapper*, 5 Ohio St. 3d 36, 448 N.E. 2d 823 (1983). The Magistrate Judge does not understand why Fitzpatrick believes *Kapper* is relevant to the *res judicata* analysis. In *Kapper*, the trial court, the court of appeals, and the Ohio Supreme Court all held the defendant had not presented sufficient extra-record material to justify a hearing on his post-conviction relief petition. There is no suggestion the State ever claimed the petition was barred by *res judicata*. Surely the Ohio Supreme Court was not required to raise that affirmative defense *sua sponte*. In sum, *Kappper* does not speak to *res judicata* at all and is thus not evidence the Ohio Supreme Court does not apply that rule evenhandedly. The Sixth Circuit has repeatedly found Ohio's criminal *res judicata* rule to be an adequate state ground of decision. *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied* 531U.S. 1082, 121

S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

As to the merits of Ground One, the trial court was alerted by counsel that there might be a competency issue and made a determination that Fitzpatrick was competent to stand trial, a determination in which trial counsel concurred. A determination of competence is a factual finding, to which the habeas court must defer, absent clear and convincing evidence to the contrary. *Thompson v. Keohane*, 516 U.S. 99, 110-111(1995); For the reasons given at length in the Report (pages 29-42), Petitioner has not established by clear and convincing evidence that this determination was in error. There is no doubt Fitzpatrick suffered from multiple mental difficulties and took numerous medications for them. But that does not prove by clear and convincing evidence that he was not competent to stand trial; no mental health professional has testified to that conclusion.

Many of Petitioner's Objections on other Grounds for Relief hinge on his claims about incompetency and repeat much of the argument made on this Ground for Relief. Where that is so, the Magistrate Judge has avoided repeating the analysis made here.

**Ground Two: Competency to Waive a Jury Trial**

No additional analysis is necessary on this Ground for Relief. The analysis parallels that made on the First Ground for Relief.

**Ground Three: Excessive Security Measures**

The Magistrate Judge found this claim procedurally defaulted and without merit. No further analysis is needed on the merits. Fitzpatrick asserts in his Objections that it was error to find procedural default when the Ohio courts did not hold a procedural default against him. To the contrary, the First District Court of Appeals held that the claim of improper restraints during the guilt phase was waived by the guilty pleas and barred by *res judicata*. *State v. Fitzpatrick*, 2004 Ohio 5615 at ¶¶ 19-21. It also held that the claim as to later phases of the proceedings was not supported by extra-record evidence. *Id*. at ¶ 24.

Fitzpatrick also asserts this claim is preserved for merit decision in habeas corpus because he pled it in his Application for Reopening in the Ohio Supreme Court and that court ruled on the merits of the claim (Objections, Doc. No. 87, at 24). This argument is unpersuasive. First of all, an application for reopening of direct appeal only raises the claim of ineffective assistance of appellate counsel and does not present the underlying claims for merit review, unless of course the appeal is reopened. *Garner v. Mitchell,* 502 F. 3d 394 (6th Cir. 2007)(Moore, J.), citing *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005); *Moore v. Mitchell,* 531 F. Supp. 2d 845, 862 (S.D. Ohio 2008)(Dlott, J.); see also *Bailey v. Nagle,* 172 F.3d 1299, 1309 n. 8 (11th Cir. 1999); and *Levasseur v. Pepe*, 70 F.3d 187, 191-92 (1st Cir. 1995). Secondly, the Ohio Supreme Court did not rule on the merits; instead, it denied the Application for Reopening. (Apx. Vol. 3 at 342)[1]

---

[1] Since the Ohio Supreme Court's one-page denial of reopening appears in the Appendix immediately after the pages cited by Petitioner for the Application for Reopening, it is hard to understand how counsel could assert in the Objections that the Ohio Supreme Court ruled on the merits.

4

**Ground Four: Ineffective Assistance of Trial Counsel at Guilt Phase**

No further analysis is needed on this Ground for Relief beyond what appears in the original Report, except to note that trial counsel Wenke, who testified at the evidentiary hearing, was concerned that a psychological report on Mr. Fitzpatrick might suggest he was malingering and it was part of trial strategy to avoid any such appearance to the jury. (Of course, counsel expected until the morning of trial that the case would be tried to a jury.)

**Ground Five: Ineffective Assistance of Trial Counsel at Penalty Phase**

No further analysis is needed on this Ground for Relief beyond what appears in the original Report.

**Ground Six: Trial Court Failure to Conduct a Competency Hearing**

No further analysis is needed on this Ground for Relief beyond what appears in the original Report.

**Ground Seven: Unconstitutional Acceptance of Partial Mitigation Waiver**

No further analysis is needed on this Ground for Relief beyond what appears in the original Report.

**Ground Eight: Erroneous Weighing**

No further analysis is needed on this Ground for Relief beyond what appears in the original Report. Petitioner has not demonstrated that the Ohio Supreme Court's decision on this claim was an objectively unreasonable application of clearly established United States Supreme Court holdings.

**Ground Nine: Unconstitutional Aggravating Circumstance**

No further analysis is needed on this Ground for Relief beyond what appears in the original Report. Petitioner has not demonstrated that the Ohio Supreme Court's decision on this claim was an objectively unreasonable application of clearly established United States Supreme Court holdings.

**Ground Ten: Unconstitutionality of Lethal Injection**

The Magistrate Judge agrees with Petitioner's Objections on the Tenth Ground for Relief and withdraws the prior recommendation. This Ground for Relief has been effectively withdrawn and the Court should not rule on it. Respondent's Memorandum in Opposition is not to the contrary.

## Conclusion

Having reviewed Petitioner's Objections, the Magistrate Judge adheres to his prior recommendations except for Ground Ten.

December 17, 2008.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

**Petitioner should take care to note in making any further objections that he must not repeat objections already made; instead, they must be incorporated by reference. Furthermore, counsel's attention is directed to S. D. Ohio Civ. R. 7.2(a)(3), the twenty-page limitation, which applies to objections.**