# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STANLEY FITZPATRICK,

    Petitioner,

    -vs-

MARGARET BRADSHAW, Warden,

    Respondent.

:

:

:

Case No. 1:06-cv-356

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This capital habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 99) which Respondent opposes (Doc. No. 100) and on which Plaintiff has filed a Reply in support (Doc. No. 103). A motion for certificate of appealability is a post-judgment motion referred under 28 u.S.C. § 636(b)(3) and requiring a report and recommendations.

### Standard for Certificate of Appealability

A petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals

> from--
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving

attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

## Analysis

The Amended Petition in this case contains ten grounds for relief. The Magistrate Judge recommended denial of relief on all ten grounds. Petitioner objected as to the first nine grounds and voluntarily withdrew the tenth. The Magistrate Judge then again recommended denial of relief, a conclusion Chief Judge Dlott adopted over Petitioner's Objections (Doc. No. 94). Petitioner filed a timely Notice of Appeal (Doc. No. 98) and now seeks a certificate of appealability on all nine grounds on which relief was denied.

## Ground One

In his First Ground for Relief, Petitioner pled:

> The Trial Court violated Mr. Fitzpatrick's constitutional rights when it sought, obtained and accepted Mr. Fitzpatrick's Guilty Plea despite overwhelming documentation and information making it impossible for the Trial Court to constitutionally find that Mr. Fitzpatrick was competent and capable to enter a knowing, voluntary or intelligent Guilty Plea. Const. Amends. V, VI, VIII and XIV.

(Amended Petition, Doc. No. 22, at 24.) Chief Judge Dlott found the competency portion of this claim procedurally defaulted (Order, Doc. No. 94, at 14-17). She also found the entire First Ground for Relief to be without merit. *Id.* at 17-28).

Petitioner seeks to appeal both the procedural default and merits conclusions on this Ground

for Relief. The Magistrate Judge believes his conclusions on the merits of the claim, which Chief Judge Dlott adopted, are debatable among reasonable jurists and Petitioner should therefore be granted a certificate of appealability on his First Ground for Relief.

Petitioner also seeks to appeal the Court's procedural default ruling on the competency branch of the First Ground for Relief. As the Magistrate Judge understands the intended grounds for appeal, it is that it is debatable among reasonable jurists whether Ohio's criminal *res judicata* doctrine is an adequate state ground for decision (See Request, Doc. No. 99, at 5-7). However, the Sixth Circuit has repeatedly held that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967), is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). Judge Moore recognizes this as a ruling of the Sixth Circuit in *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Coleman v. Mitchell, supra, Rust v. Zent, supra, and Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). Petitioner should therefore not be granted a certificate of appealability on the competency portion of his First Ground for Relief.

### Second Ground for Relief

In his Second Ground for Relief, Petitioner claims:

> The Trial Court violated Mr. Fitzpatrick's constitutional rights when it sought, obtained and accepted Mr. Fitzpatrick's Jury Waiver despite overwhelming documentation and information making it impossible for the Trial Court to have constitutionally found that Mr.

> Fitzpatrick was competent and capable of entering into a knowing, voluntary or intelligent Jury Waiver. Const. Amends. V, VI, VIII and XIV.

(Amended Petition, Doc. No. 22, at 33.)

The Magistrate Judge recommended that this Ground for Relief be dismissed as procedurally defaulted and without merit. Chief Judge Dlott adopted those conclusions (Order, Doc. No. 94, at 29 & 36.)

For the reasons given with respect to the First Ground for Relief, the Magistrate Judge believes this Court's conclusion on the merits of this ground for relief are debatable among reasonable jurists, but its conclusion on procedural default is not. A certificate of appealability on the Second Ground for Relief should be limited to the merits conclusion.

### Third Ground for Relief

In his Third Ground for Relief, Petitioner asserts:

> The excessive security measures used throughout Mr. Fitzpatrick's Trial violated his right to a fair and impartial trial, due process, the presumption of innocence, and the right to Trial Counsel. U.S. Const. Amends. V, VI, VIII, IX, and XIV.

(Doc. 22 at 41.)

In denying this claim on the merits, Chief Judge Dlott separately analyzed the issues of shackling in view of the jury and shackling after the jury was waived (Order, Doc. No. 94, at 41-45). Separately she accepted the Magistrate Judge's conclusion that the argument that shackling interfered with the voluntariness of the guilty plea was procedurally defaulted. *Id.* at 40-41.

The Magistrate Judge concludes that the Court's conclusions on the Third Ground for Relief are sufficiently debatable as to merit a certificate of appealability on this Ground.

## Fourth Ground for Relief

In his Fourth Ground for Relief, Petitioner asserts:

> The errors and omissions of Trial Counsel at Guilt Phase violated Mr. Mr. [sic] Fitzpatrick's constitutional right to the effective assistance of Trial Counsel. U.S. Const. Amend. VI and XIV.

(Amended Petition, Doc. No. 22, at 45.) Judge Dlott denied this Ground for Relief on the merits (Order, Doc. No. 94, at 52). The Magistrate Judge concludes that the Court's conclusion on this Ground for Relief is debatable among reasonable jurists and a certificate of appealability should be allowed.

## Fifth Ground for Relief

In his Fifth Ground for Relief, Petitioner asserts:

> The errors and omissions of Trial Counsel during the Penalty Phase of Trial Violated Mr. Fitzpatrick's right to the effective assistance of Trial Counsel. U.S. Const. Amend. VI and XIV.

(Doc. 22 at 56.) This claim has four subclaims repeated by Chief Judge Dlott in her decision:

1. Trial counsel rendered ineffective assistance of counsel relative to the use of stun belt at the penalty phase.

2. Trial counsel rendered ineffective assistance of counsel relative to Fitzpatrick's partial waiver of mitigation without a hearing.

3. Trial counsel rendered ineffective assistance of counsel when they failed to hire or present testimony of a mitigation specialist or an addictions expert.

4. Trial counsel rendered ineffective assistance of counsel in regard to their alleged failure to

carry out a mitigation investigation.

Subclaims 1 and 2 were denied on the merits, subclaim 3 was found procedurally defaulted by virtue of the Ohio *res judicata* doctrine, and subclaim 4 was read to be a summary of the prior subclaims (Order, Doc. No. 94, at 54-61.)

The Magistrate Judge concludes a certificate of appealability should be granted on the Fifth Ground for Relief in its entirety.

## Sixth Ground for Relief

In his Sixth Ground for Relief, Petitioner asserts:

> The Trial Court's failure to conduct a competency hearing concerning Mr. Fitzpatrick's waiver of his Sixth Amendment right to Trial by Jury, his Guilty Plea, and his waiver of his Sixth Amendment right to a Speedy Trial deprived Mr. Fitzpatrick of his constitutional rights. Const. Amends. V, VI, VIII, and XIV.

(Amended Petition, Doc. No. 22, at 69.) Chief Judge Dlott adopted the Magistrate Judge's recommendation that this Ground for Relief was barred by procedural default in its entirety (Order, Doc. No. 94, at 61-62). The Petitioner has not persuaded the Court that its conclusion on this Ground for Relief is debatable among reasonable jurists. For that reason, Petitioner should be denied a certificate of appealability on this ground.

## Seventh Ground for Relief

In his Seventh Ground for Relief, Petitioner asserts:

> The trial court's acceptance of Mr. Fitzpatrick's partial waiver of mitigation without ensuring that it was made knowingly, intelligently,

> and voluntarily and that Mr. Fitzpatrick was competent to waive that right violated his constitutional rights. Const. Amends. V, VI, VIII, XIV[.]

(Doc. 22 at 75.) Based on the argument made in the Request (Doc. No. 99 at 28-34), the Magistrate Judge concludes the Court's resolution of this claim is sufficiently debatable among reasonable jurists to allow a certificate of appealability.

### Eighth Ground for Relief

In his Eighth Ground for Relief, Petitioner asserts:

> The trial court's erroneous weighing of aggravating circumstances against the mitigating factors and consideration of the nature and circumstances of the offense as an aggravating circumstance deprived Mr. Fitzpatrick of his right to due process and a fair sentencing proceeding under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

(Amended Petition, Doc. No 22, at 79.) The Magistrate Judge recommended denial of this Ground for Relief on the merits and Chief Judge Dlott concurred (Order, Doc. No. 94, at 67-72). Petitioner has not persuaded the Court that it is debatable among reasonable jurists whether the trial court sentencing opinion of which he complains deprive him of an individualized sentence or that any possible error in that opinion was not adequately corrected by the Ohio Supreme Court on appeal. No certificate of appealability should be granted on the Eighth Ground for Relief.

### Ninth Ground for Relief

In his Ninth Ground for Relief, Petitioner asserts:

> Ohio Rev. Code § 2929.04(A)(9) as an aggravating circumstance to

> Ohio Rev. Code § 2903.01(C) is unconstitutional as it repeats an
> element of the underlying aggravated murder. U.S. Const. Amend.
> VIII, XIV.

(Amended Petition, Doc. No. 22, at 82.) While the Magistrate Judge continued to believe this Ground for Relief was correctly denied on the merits, there is no Sixth Circuit decision directly on point. Therefore a certificate of appealability should be granted on the Ninth Ground for Relief.

**Conclusion**

In accordance with the foregoing analysis, a certificate of appealability should be granted on the merits decision on the First and Second Grounds for Relief but denied on the procedural default portions; granted on the Third, Fourth, and Fifth Grounds for Relief; denied on the Sixth Ground for Relief; granted on the Seventh Ground for Relief; denied on the Eighth Ground for Relief; and granted on the Ninth Ground for Relief.

March 15, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days

after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).