IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Stanley Fitzpatrick, | : | Case No. 1:06-cv-356 |
| | : | |
| Petitioner, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING IN PART |
| | : | MOTION FOR CERTIFICATE OF |
| Margaret Bradshaw, Warden | : | APPEALABILITY AND ADOPTING |
| | : | REPORT AND RECOMMENDATIONS |
| Respondent. | : | ON CERTIFICATE OF |
| | : | APPEALABILITY |

Pending before the Court are Petitioner Stanley Fitzpatrick's Motion for Certificate of

Appealability (doc. 99) and  Magistrate Judge Merz's Report and Recommendations on

Certificate of Appealability ("Appealability R&R") (doc. 105).[1]  Respondent has filed

Objections to the Appealability R&R (doc. 106) and Fitzpatrick has filed two sets of Objections

to the Appealability R&R (docs. 110, 116).  For the reasons that follow, the Court will **GRANT**

**IN PART** Fitzpatrick's Motion for Certificate of Appealability and **ADOPT IN PART** the

Appealability R&R.

I.     **PROCEDURAL POSTURE**

Fitzpatrick filed a Petition for Writ of Habeas Corpus (doc. 17) on June 9, 2006 and an

Amended Petition (doc. 22) on  June 23, 2006.  Fitzpatrick pled ten Grounds for Relief in the

Amended Petition, but he has voluntarily withdrawn the Tenth Ground for Relief.  On November

5, 2009, the Court issued an Order Denying Amended Petition for Writ of Habeas Corpus (doc.

---

[1] On March 24, 2010, Magistrate Judge Merz issued a Decision and Entry Clarifying
[the] Appealability R&R (doc. 108).

94).  The Court denied the First through Ninth Grounds for Relief on the merits, on procedural

grounds, or for both reasons.

Fitzpatrick now seeks a certificate of appealability ("COA").  Magistrate Judge Merz

recommended granting a COA on the merits decision concerning the First Ground for Relief, and

on the Third, Fourth, Fifth, Seventh, and Ninth Grounds for Relief in their entirety.  Magistrate

Judge Merz recommended denying a COA as to the procedural default decisions concerning the

First and Second Grounds for Relief, and on the Sixth and Eighth Grounds for Relief in their

entirety.

Respondent has filed objections to the Appealability R&R insofar as Magistrate Judge

Merz recommended granting a COA to any Ground for Relief.  Fitzpatrick has filed objections

insofar as Magistrate Judge Merz recommended denying a COA as to any Ground for Relief.

The Court has considered the parties' objections and the issues raised therein *de novo* pursuant to

Federal Rule of Civil Procedure 72(b).

## II.     STANDARD FOR ISSUING CERTIFICATES OF APPEALABILITY

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA").  The relevant statute provides that an appeal may not be taken from a final order in

an AEDPA case unless a certificate of appeal is issued:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
> district judge, the final order shall be subject to review, on appeal, by the court of
> appeals for the circuit in which the proceeding is held.
>
> * * * *
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an
> appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.  District courts have the authority to issue COAs pursuant to this section.

*Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

The United States Supreme Court has explained that where the district court has denied a constitutional claim on the merits, a COA should issue if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The analysis is more complicated if the district court has denied the claim on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . .  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.

*Id.*  Ordinarily, courts should determine the procedural issues before the substantive issues.  *Id.* at 485.

"[I]ssuance of a COA must not be *pro forma* or a matter of course."  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  The petitioner must prove something more than a good faith belief in his claims or the mere absence of frivolity.  *Id.* at 338.  On the other hand, a court

should not deny a COA "merely because it believes the applicant will not demonstrate an entitlement to relief." *Id.* at 337.

## III.    ANALYSIS

### A.    First Ground for Relief

> The Trial Court violated Mr. Fitzpatrick's constitutional rights when it sought, obtained and accepted Mr. Fitzpatrick's Guilty Plea despite overwhelming documentation and information making it impossible for the Trial Court to constitutionally find that Mr. Fitzpatrick was competent and capable to enter a knowing, voluntary or intelligent Guilty Plea. Const. Amends. V, VI, VIII and XIV.

(Doc. 22 at 24.) This Court held in the Habeas Order that the competency subclaim was procedurally defaulted, or alternatively, was denied on the merits. The Court also denied the intelligent, knowing, and voluntary subclaim on the merits.

Magistrate Judge Merz recommended granting a COA on this Ground for Relief only as to the merits, not as to the procedural default of the competency subclaim. This Court agrees with Magistrate Judge Merz that reasonable jurists could debate the Court's conclusion on the merits. Fitzpatrick's claims regarding his competency and the voluntariness of his jury waiver and guilty plea were not frivolous, but rather raised substantial questions about whether his rights were violated. This Court also finds that reasonable jurists could debate the Court's conclusion regarding the procedural default. Fitzpatrick submitted evidence *de hors* the record to support the defaulted subclaim in the state court post-conviction relief proceedings, but the state court found the claim to be barred by *res judicata*. The Sixth Circuit has questioned the Ohio courts' application of *res judicata* when evidence *de hors* is submitted in certain circumstances. *See e.g.*, *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). The Court will grant a COA as to the First Ground for Relief.

4

**B.     Second Ground for Relief**

> The Trial Court violated Mr. Fitzpatrick's constitutional rights when it sought, obtained and accepted Mr. Fitzpatrick's Jury Waiver despite overwhelming documentation and information making it impossible for the Trial Court to have constitutionally found that Mr. Fitzpatrick was competent and capable of entering into a knowing, voluntary or intelligent Jury Waiver.  Const. Amends. V, VI, VIII and XIV.

(Doc. 22 at 33.)  The Court held in the Habeas Order that the competency subclaim was procedurally defaulted, or in the alternative, was denied on the merits.  The Court also denied the intelligent waiver subclaim on the merits.

Magistrate Judge Merz recommended denying a COA as to the procedural default decision.  The Court again finds that reasonable jurists could find both the procedural default and the merits decisions to be debatable.  As in the First Ground for Relief, Fitzpatrick submitted *de hors* evidence to support the defaulted subclaim.  Reasonable jurists could debate the procedural default decision in light of *res judicata* discussions in *White* and *Greer*.  The Court will grant a COA as to the Second Ground for Relief.

**C.     Third Ground for Relief**

> The excessive security measures used throughout Mr. Fitzpatrick's Trial violated his right to a fair and impartial trial, due process, the presumption of innocence, and the right to Trial Counsel.  U.S. Const. Amends. V, VI, VIII, IX, and XIV.

(Doc. 22 at 41.)  The Court held in the Habeas Order that this Ground for Relief was procedurally defaulted to the extent that Fitzpatrick argued that his security measures interfered with the voluntariness of his guilty plea.  Alternatively, the Court denied the entirety of the Ground for Relief on the merits.

Magistrate Judge Merz recommended granting a COA as to both the procedural and merits conclusions on the Third Ground for Relief.  The Court agrees that reasonable jurists

could find the Court's conclusions as to this Ground for Relief to be debatable.  The Court will

grant a COA on the Third Ground for Relief.

**D.      Fourth Ground for Relief**

> The errors and omissions of Trial Counsel at Guilt Phase violated Mr. Mr. [sic]
> Fitzpatrick's constitutional right to the effective assistance of Trial Counsel.  U.S. Const.
> Amend. VI and XIV.

(Doc. 22 at 45.)  Fitzpatrick's Fourth Ground for Relief consisted of multiple subclaims.  In the

Habeas Order, the Court held that the subclaim asserting that trial counsel rendered ineffective

assistance of counsel relative to the use of a stun belt on Fitzpatrick was procedurally defaulted.

Alternatively, the Court denied the Ground for Relief on the merits in its entirety.  Magistrate

Judge Merz recommended granting a COA as to Fourth Ground for Relief.  The Court agrees

with Magistrate Judge Merz and will issue a COA on the Fourth Grounds for Relief.

**E.      Fifth Ground for Relief**

> The errors and omissions of Trial Counsel during the Penalty Phase of Trial
> Violated Mr. Fitzpatrick's right to the effective assistance of Trial Counsel. U.S.
> Const. Amend. VI and XIV.

(Doc. 22 at 56.)  This Ground for Relief contained subclaims regarding trial counsel's failure to

object to the use of a stun belt, partial waiver of mitigation, failure to hire a mitigation expert or

to present testimony of an addictions expert, and failure to carry out a mitigation investigation.

The Court denied this Ground for Relief on the merits in the Habeas Order.[2]  However, the Court

---

[2] The Court notes that in the post-conviction relief proceedings the state trial court held one subclaim to be barred by *res judicata* as well as to fail on the merits, but the court of appeals upheld the denial of the subclaim on the merits.  This Court examined the subclaim on the merits as well.  "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

agrees with Magistrate Judge Merz that reasonable jurists could debate the Court's assessment of

the merits.  Accordingly, the Court will grant a COA as to the Fifth Grounds for Relief.

**F.      Sixth Ground for Relief**

> The Trial Court's failure to conduct a competency hearing concerning Mr. Fitzpatrick's
> waiver of his Sixth Amendment right to Trial by Jury, his Guilty Plea, and his waiver of
> his Sixth Amendment right to a Speedy Trial deprived Mr. Fitzpatrick of his
> constitutional rights.  Const. Amends. V, VI, VIII, and XIV.

(Doc. 22 at 69.)  The Court denied this Ground for Relief both on procedural default grounds,

and alternatively, on the merits.  Magistrate Judge Merz recommended denying a COA on this

Ground for Relief because of the procedural default.  The Court finds that reasonable jurists

could debate both the procedural default and the merits decision of this Ground for Relief based

on the analysis of the similar claims contained in the previous Grounds for Relief.  Accordingly,

the Court will issue a COA on the Sixth Ground for Relief.

**G.      Seventh Ground for Relief**

> The trial court's acceptance of Mr. Fitzpatrick's partial waiver of mitigation without
> ensuring that it was made knowingly, intelligently, and voluntarily and that
> Mr. Fitzpatrick was competent to waive that right violated his constitutional rights.
> Const. Amends. V, VI, VIII, XIV[.]

(Doc. 22 at 75.)  The Court denied this Ground for Relief both on procedural default grounds,

and alternatively, on the merits.  Magistrate Judge Merz recommended granting a COA on this

Ground for Relief, specifically noting that Fitzpatrick had established in his brief, (doc. 99 at 28-

33), that reasonable jurists could find the Court's procedural and merits conclusions to be

debatable.  This Court concurs.  The Court will issue a COA on this Ground for Relief.

**H.      Eighth Ground for Relief**

> The trial court's erroneous weighing of aggravating circumstances against the mitigating factors and consideration of the nature and circumstances of the offense as an aggravating circumstance deprived Mr. Fitzpatrick of his right to due process and a fair sentencing proceeding under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

(Doc. 22 at 79.)  The Court denied this Ground for Relief, in part because the Ohio Supreme Court on appeal cured any possible sentencing errors made by the trial court.

Magistrate Judge Merz recommended against issuing a COA on this Ground for Relief. Fitzpatrick objects to the recommendation, but he has not convinced the Court that reasonable jurists could disagree as to the Court's conclusions.  The Court will not grant a COA on this Ground for Relief.

***I.*      Ninth Ground for Relief**

> Ohio Rev. Code § 2929.04(A)(9) as an aggravating circumstance to Ohio Rev. Code § 2903.01(C) is unconstitutional as it repeats an element of the underlying aggravated murder.  U.S. Const. Amend. VIII, XIV.

(Doc. 22 at 82.)  The Court denied this Ground for Relief on the merits.

Magistrate Judge Merz recommended granting a COA on this Ground for Relief because there is no Sixth Circuit precedent on point.  The Court agrees with Magistrate Judge Merz and finds that reasonable jurists could debate the Court's merits conclusion.  The Court will grant a COA on this Grounds for Relief.

**IV.     CONCLUSION**

For the foregoing reasons, Stanley Fitzpatrick's Motion for Certificate of Appealability (doc. 99) is **GRANTED IN PART** and Magistrate Judge Merz's Appealability R&R (doc. 105) is **ADOPTED IN PART**.  The Court **ORDERS** that a Certificate of Appealability issue on Fitzpatrick's First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Ninth Grounds for Relief

stated in the Amended Petition.

       IT IS SO ORDERED.

                                         ___s/Susan J. Dlott_____
                                         Chief Judge Susan J. Dlott
                                         United States District Court